SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**MELISSA E. LERITZ, OSB #154688**
Assistant United States Attorney
Melissa.LeRitz@usdoj.gov
310 West Sixth Street
Medford, OR 97501
Telephone: (541) 776-3564
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**MEDFORD DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **1:25-cr-00228-MTK** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JAMES PAUL STALLARD,** | |
| **Defendant.** | |

## INTRODUCTION

Defendant James Paul Stallard lit fireworks in an area of the Rogue River-Siskiyou National Forest during extreme fire conditions and ignited what came to be known as the Flat Fire. Given the extensive damage to the national forest, the government respectfully requests the Court sentence defendant five years probation and 1000 hours of community service.

/ / /

/ / /

## FACTUAL BACKGROUND

### A. Offense

On July 15, 2023, defendant was at the Oak Flat Campground in Curry County, located on the Rogue River-Siskiyou National Forest, with his mother and friends. At approximately 5 p.m., defendant set off two fireworks in quick succession. The second firework ignited a fire in the underbrush. Defendant attempted to extinguish the fire, but was ultimately unsuccessful. The fire conditions on this day were determined to be extreme.

Other campers in the area reported hearing loud "booms" just before the fire erupted. Several of the nearby campers happened to be professionally trained firefighters. Despite their immediate response, the fire continued to rage out of control. Defendant was seen leaving the area calling out for others to "call 911."

Defendant's mother initially told law enforcement that the fire was caused when she threw a cigarette butt in a fire pit. Eventually defendant's mother told investigators the fire started when defendant threw fireworks. Defendant's mother indicated it was an accidental start, and they had previously engaged in throwing fireworks in the area without incident. Shortly after igniting the fire, defendant instructed his friend, an eyewitness, to not make statements about what she had seen and to pretend she was asleep in an effort to limit defendant's exposure in the investigation.

The fire defendant started was named the "Flat Fire." An Origin and Cause investigation was conducted into the Flat Fire. The cause of the Flat Fire was determined to be fireworks, in part due to fireworks remnants found near where defendant had been. The Flat Fire persisted for several months. Suppression efforts totaled over sixty million dollars and the Flat Fire destroyed over 34,000 acres.

**B. The Charge**

On January 14, 2026, defendant was charged via a Superseding Information with one count of Carelessly or Negligently Throwing or Placing Any Ignited Substance that May Cause a Fire, in violation of Title 36, Code of Federal Regulations, Section 261.5(a). Defendant pled guilty to Counts 1 of the Information on April 9, 2026.

## ARGUMENT

**A. Government's Recommended Sentence**

Defendant was eighteen years old at the time of the offense and has no known criminal history. Defendant's decision to ignite fireworks during extreme fire conditions and in an area subject to a long-standing fireworks ban directly resulted in the Flat Fire, which burned more than 34,000 acres and required over sixty million dollars in suppression efforts. The fire imposed significant strain on federal firefighting resources, diverted personnel and aircraft during peak wildfire season, and caused substantial environmental damage that will take years to remedy. Nearby communities faced evacuation warnings, hazardous air quality, and prolonged disruption.

Defendant's attempt to conceal the cause of the fire and discourage an eyewitness from speaking with investigators further underscores the seriousness of his conduct and the need for a sentence that promotes accountability and deterrence.

**B. Restitution & Forfeiture**

The parties have stipulated to the amount of damage caused by the Flat Fire and to the cost associated with the fire suppression efforts in this case. The basic breakdown of restitution as provided by the United States Forest Service is detailed in the below chart:

| Included Costs | Amount |
|---|---|
| AD CASUAL PAY | $1,952,052.50 |
| AVIATION | $6,147,300.06 |
| CONTRACTS | $36,258,469.24 |
| COOPERATIVE STATE AGENCIES | $3,933,288.17 |
| FLEET | $303,139.18 |
| PERSONNEL COMPENSATION | $9,734,316.83 |
| RETARDANT | $2,417,873.97 |
| SUPPLIES & MATERIALS | $1,375,101.61 |
| TRAVEL | $1,663,158.13 |
| **Report Total** | **$63,784,699.69** |

The government will file a separate Notice of Stipulation prior to sentencing in this matter. The government anticipates defense will argue against restitution being imposed.

Although 36 C.F.R. § 261.5(a) does not itself provide independent statutory authority for restitution, the Court may order restitution as a condition of probation under 18 U.S.C. § 3563(b)(2). That authority is appropriately exercised here. The Flat Fire was a direct and foreseeable consequence of defendant's negligent conduct in discharging fireworks during officially designated extreme fire conditions and in an area subject to a multi-year fireworks ban. The United States Forest Service has documented more than sixty million dollars in suppression costs attributable to this fire, and the destruction of over 34,000 acres of national forest land underscores the magnitude of the harm.

Restitution need not be supported with mathematical precision; it must simply reflect a reasonable estimate proven by a preponderance of the evidence. Here, the government's suppression cost calculations are well documented and derive from standard federal accounting systems routinely relied on in wildfire cases. Ordering restitution as a condition of probation not only promotes accountability and respect for the law, but also aligns with outcomes in similar accidental fire prosecutions across the West Coast, where courts have imposed substantial restitution. The Court should therefore order restitution as a condition of probation to reflect the

seriousness of the offense, ensure accountability, and further the sentencing purposes identified in 18 U.S.C. § 3553(a).

Given the nature of this offense, there is no applicable forfeiture in this case.

## CONCLUSION

Based on the foregoing, the government recommends that this Court impose a sentence of 1000 hours of community service and five years supervised release, subject to the standard conditions, plus the special conditions proposed by Probation.

Dated: November 4, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

s/ *Melissa E. LeRitz*
MELISSA E. LERITZ, OSB #154688
Assistant United States Attorney