SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**MELISSA E. LERITZ, OSB #154688**
Assistant United States Attorney
Melissa.LeRitz@usdoj.gov
310 West Sixth Street
Medford, OR 97501
Telephone: (541) 776-3564
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**MEDFORD DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **1:25-cr-00228-MTK** |
| **v.** | **GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM** |
| **JAMES PAUL STALLARD,** | |
| **Defendant.** | |

## PURPOSE

The government files this supplemental sentencing memorandum to rebut defendant's legal analysis concerning the Court's authority to order restitution and further explain the statutory authority the government relies on to seek restitution in this case.

## ARGUMENT

This case involves defendant's guilty plea to an offense criminalized by 36 Code of Federal Regulations § 261.5(a). The protection of national forests, including the Rogue River-

Siskiyou National Forest at issue in this case, is further codified in 16 U.S.C. §551. Under 16 U.S.C. § 551, the Secretary of Agriculture "may make such rules and *regulations*…to preserve the forests thereon from destruction…" (emphasis added). Further, 16 U.S.C. § 551 continues "Any person charged with the violation of such rules and regulations may be tried and sentenced by any United States magistrate judge specially designated for that purpose by the court by which he was appointed, in the same manner and subject to the same conditions as provided for in section 3401(b) to (e) of title 18."

18 U.S.C. § 3401(d) explicitly mandates that "probation laws shall be applicable to persons tried" under this section and grants the Court authority to "grant probation," in the same instance. The statute under which the government asks the Court to order both probation and restitution, 18 U.S.C. § 3663(b), described as discretionary conditions of probations, fits squarely within the confines of "probation laws."

Case law upholds the Court's authority to order restitution in cases involving the violation of the Code of Federal Regulations. In a Ninth Circuit unpublished opinion, *United States v. Pearson*, defendant was charged with four violations of the 36 C.F.R. § 261.10(a), prohibiting the construction or maintenance of roads or structs on National Forest Service land without approval and one violation of 36 C.F.R. § 261.6(a), which prohibits the unauthorized cutting of timber on National Forest land. *United States v. Pearson*, No. 99-10206, 2000 WL 237961 (9th Cir. Mar. 2, 2000). The defendant in that case admitted to maintaining a road and cutting trees but claimed this was incidental to his mining operations. *Id.* The court in *Pearson* was explicit, "Although restitution was not authorized under 18 U.S.C § 3363, the magistrate judge had the authority to order restitution as a condition of probation." *Id.*

## CONCLUSION

Based on the foregoing, the government asks the Court to exercise its authority to order restitution in this case.

Dated: November 9, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

s/ *Melissa E. LeRitz*
MELISSA E. LERITZ, OSB #154688
Assistant United States Attorney